**Jesus Maria VALDEZ–LOPEZ,
Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

**No. 14–73976**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Jesus Maria Valdez–Lopez, Pro Se.

Matt Crapo, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jesus Maria Valdez–Lopez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying Valdez–Lopez's motion to reconsider as untimely because the motion was filed more than 30 days after the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(2) (motion to reconsider must be filed within 30 days of BIA's decision).

To the extent Valdez–Lopez seeks review of the BIA's December 28, 2012, order dismissing her appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We lack jurisdiction to consider Valdez–Lopez's unexhausted contention that ineffective assistance of a previously unnamed attorney or notario caused her motion to reconsider's untimeliness. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."). Valdez–Lopez has waived her contention regarding the proper place to file her motion. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

Finally, we lack jurisdiction over claims regarding prosecutorial discretion, *see Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order), and do not consider evidence outside the administrative record, *see Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* This disposition is not appropriate for publication and is not precedent except as provided